UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER ROSS,

                          Plaintiff,

        v.                                                               9:18-CV-0039
                                                                                  (GLS/TWD)

BRANDON SMITH et al.,

                          Defendants.
_____

APPEARANCES:

CHRISTOPHER ROSS
17-A-3730
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

HON. BARBARA UNDERWOOD                MARK G. MITCHELL
New York State Attorney General             Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

      This action was brought pro se by plaintiff Christopher Ross seeking redress for the alleged violation of his Eighth Amendment rights during his confinement at Greene Correctional Facility ("Greene C.F."), where plaintiff remains incarcerated. *See* Dkt. No. 1 ("Compl."). By Decision and Order of this Court filed March 19, 2018, plaintiff's application to

proceed in forma pauperis (IFP) was granted, but, following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 9 (the "March 2018 Order"). Thereafter, plaintiff filed an amended complaint, *see* Dkt. No. 16, and by Decision and Order filed July 12, 2018, the Court found that plaintiff's Eighth Amendment medical indifference claims against defendants Cole, Dr. Smith, and Superintendent Smith survived sua sponte review and required a response. *See* Dkt. No. 17 (the "July 2018 Order").

Presently before the Court is a motion from plaintiff seeking a temporary restraining order and preliminary injunctive relief. Dkt. No. 25.[1]

## II. DISCUSSION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).

---

[1] On September 11, 2018, approximately one week before plaintiff filed his motion, defendants filed a motion seeking an order revoking plaintiff's IFP status and conditionally dismissing the amended complaint pursuant to 28 U.S.C. § 1915. *See* Dkt. No. 24.

2

However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[2]

"'A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'" *Bisnews AFE (Thailand) Ltd. v. Aspen Research Group Ltd.*, 437 Fed. App'x 57, 58 (2d Cir. 2011) (quoting *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)). Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Bisnews AFE (Thailand)*, 437 F. App'x at 58 (quoting *Faiveley*, 559 F.3d at 118); *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("It is well settled that an allegation of the mere possibility of irreparable harm is insufficient to justify the drastic remedy of preliminary injunction. . . . A party who seeks the

---

[2] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

extraordinary remedy of a preliminary injunction must show the alleged irreparable harm to be imminent, not remote or speculative, and the alleged injury to constitute one that is incapable of being fully remedied by monetary damages." (citations omitted)); *Flack v. Friends of Queen Catherine Inc.*, 139 F. Supp. 2d 526, 540 (S.D.N.Y. 2001) (holding that a presumption created in the context of a preliminary injunction only applies to prospective violations of the law).

In his motion, plaintiff seeks injunctive relief regarding his medical care at Greene C.F. Dkt. No. 25.[3] According to plaintiff, he suffers from sleep apnea, which requires that he use a CPAP machine, and defendants have denied him "a CPAP machine . . . [and] consultation with a physician qualified to assess and treat his medical condition" despite knowing his condition. *Id*. at 3-5. Plaintiff seeks an order directing defendants "to provide a medically appropriate course for Sleep Apnea and . . . a CPAP Machine." *Id*. at 7.

Defendants oppose plaintiff's motion. Dkt. No. 28. Defendants contend that plaintiff has not established any of the required predicates for a preliminary injunction. *Id*. Relying on a declaration provided by defendant Dr. Smith, defendants maintain that plaintiff is receiving adequate and appropriate medical care. *Id*. at 6-7; *see* Dkt. No. 29 (Declaration of Doreen Smith, MD, with Exhibits). More specifically, Dr. Smith states that plaintiff "underwent a sleep study at the Coxsackie Correctional Facility infirmary to evaluate sleep apnea" on July 2, 2018 and July 3, 2018. Dkt. No. 29 at 1. Dr. Smith states further that she examined

---

[3] Although styled as a motion for a temporary restraining order and preliminary injunction, plaintiff's request is properly construed as a motion for a preliminary injunction. *See* Dkt. No. 25. In any event, the same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *See Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. July 31, 2008).

4

plaintiff on September 10, 2018, to "address his medical concerns." *Id*. at 2. During that examination, Dr. Smith "checked [plaintiff's] vital signs, discussed his medical complaints, and also discussed the sleep study with him." *Id*. Based on her evaluation, Dr. Smith "conclude[s] to a reasonable degree of medical certainty that [plaintiff] is clinically stable." *Id*.

Upon review, the Court finds that plaintiff has failed to meet the heavy burden for a mandatory injunction. As defendants correctly note, plaintiff has failed to make any showing that he will suffer an extreme or very serious injury that is neither remote nor speculative should the motion not be granted. Moreover, the past allegations of misconduct stated in plaintiff's amended complaint and motion, standing alone, are insufficient to support a finding of irreparable harm. As a result, plaintiff's motion must be denied.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 25) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

November 7, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge

5