**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

CHRISTOMER ROSS,

                Plaintiff,            9:18-cv-39
                                                      (GLS/TWD)
        v.

BRANDON SMITH et al.,

                Defendants.
_____

**APPEARANCES:**

**FOR THE PLAINTIFF:**
Christopher Ross
Pro Se
30 Oak Street
Port Chester, NY 10573

**FOR THE DEFENDANTS:**
HON. LETITIA A. JAMES             MARK G. MITCHELL
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Senior District Judge**

## ORDER

     This matter comes to the court following an Order and Report-

Recommendation (R&R) by Magistrate Judge Thérèse Wiley Dancks filed

July 8, 2019. (Dkt. No. 33.) As no objections were filed, this court's review

is for clear error only.  *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-67 (S.D.N.Y. 2006).

The R&R stated that "a subsequent determination by the Court of Appeals dismissing [p]laintiff's appeal on the grounds that the appeal lacked an arguable basis in law or fact . . . does not render the action itself, which was found to state a claim [under] Rule 12(b)(6) . . . frivolous for purposes of the three strikes rule."  (Dkt. No. 33 at 5.)

However, 28 U.S.C. § 1915(g), the three strikes rule, states:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while imprisoned or detained . . . brought an action *or appeal* in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(emphasis added).  "Under this language, bringing an action and filing an appeal are separate acts.  One could be frivolous, the other not."  *Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010) (internal quotation and citation omitted).  Thus, despite plaintiff Christopher Ross' action itself not being a strike under § 1915(g), the subsequent dismissal of his appeal on the grounds that it lacked an arguable basis in law or fact was a strike under § 1915(g).  *See Jennings v. Fed. Bureau of Prisons*, No. 11-CV-

2

1973, 2011 WL 6934764, at *5 (E.D.N.Y. Nov. 17, 2011), *report and recommendation adopted by* 2011 WL 6936354 (E.D.N.Y. Dec. 30, 2011) (concluding dismissal on appeal constituted strike even though underlying district court dismissal did not); *Larocco v. Jackson*, No. 10-CV-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010) (explaining that although underlying action did not qualify as a strike, subsequent appeal of that action was a strike because it was dismissed as lacking an arguable basis in fact or law).

That having been said, there is no clear error in the ultimate recommendation of the R&R. The R&R correctly determined that only one of the other two potential strikes identified by defendants constituted a strike. (R&R at 3-4) Because Ross did not accumulate three strikes prior to the time he commenced this action, the R&R's recommendation to deny defendants' motion to revoke Ross' IFP status and dismiss his amended complaint was free from error. (*Id.* at 5.)

Accordingly, it is hereby

**ORDERED** that the Order and Report-Recommendation (Dkt. No. 33) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion to revoke Ross' IFP status under

3

the three strikes rule and dismiss his amended complaint for failure to pay the filing fee (Dkt. No. 24) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED**.

August 30, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge