UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER ROSS,

                           Plaintiff,

v.                                                9:18-CV-00039 (GLS/TWD)

BRANDON SMITH; DOCTOR SMITH; NURSE
ADMINISTRATOR COLE,

                           Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

CHRISTOPHER ROSS
*Plaintiff, pro se*
30 Oak Street
Port Chester, NY 10573

HON. LETITIA JAMES                          MARK G. MITCHELL, ESQ.
New York State Attorney General            Assistant Attorney General
*Attorney for Defendants*
The Capitol
Albany, NY 12224

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

      This matter has been referred for a Report and Recommendation by the Honorable Gary L. Sharpe, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Presently before the Court is Defendants' unopposed motion to dismiss Plaintiff's amended complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (Dkt. No. 45.)  For the reasons set forth below, the Court recommends granting Defendants' motion.

**I.     BACKGROUND**

*Pro se* Plaintiff Christopher Ross, a former inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action in January 2018 pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights during his confinement at Greene Correctional Facility.  (Dkt. No. 1.)  By Decision and Order filed March 19, 2018, Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted, but, following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found the complaint was subject to dismissal for failure to state a claim upon which relief may be granted.  (Dkt. No. 9.)  Thereafter, Plaintiff filed an amended complaint.  (Dkt. No. 16.)  By Decision and Order filed July 12, 2018, the Court found Plaintiff's Eighth Amendment medical indifference claims against Defendants Nurse Administrator Cole, Dr. Smith, and Superintendent Brandon Smith survived *sua sponte* review and required a response.  (Dkt. No. 17.)

On Septmeber 11, 2018, Defendants moved to dismiss the amended complaint and revoke Plaintiff's IFP status.  (Dkt. No. 24.)  On September 19, 2018, Plaintiff filed a motion motion for a preliminary injunction.  (Dkt. No. 25.)

By letter dated October 29, 2018, Plaintiff advised the Court that he was scheduled to be released from DOCCS custody on November 10, 2018, and that his new address would be 30 Oak Street in Port Chester, New York.  (Dkt. No. 30.)  This letter is the last communication Defendants received from Plaintiff about this action.  (Dkt. No. 45 at ¶ 4.)  It is also Plaintiff's last communication with the Court reflected on the Civil Docket for this action.  *See* Dkt. Report.

On November 11, 2018, the Clerk confirmed Plaintiff's release from prison per the DOCCS Inmate Locater and updated Plaintiff's address on the Civil Docket as indicated in the October 29, 2018, letter.  (*See* Dkt. Text Entry 11/19/2018.)

By Decision and Order filed November 7, 2018, the Court denied Plaintiff's motion for a preliminary injunction.  (Dkt. No. 31.)  The Order was served via regular mail on Plaintiff at Greene Correctional Facility and 30 Oak Street in Port Chester.  (*See* Dkt. Text Entry 11/18/2018.)  The Order mailed to Green Correctional Facility was returned to the Court as undeliverable.  (Dkt. No. 32.)

By Decision and Order filed August 30, 2019, the Court denied Defendants' unopposed motion to revoke Plaintiff's IFP status and dismiss the amended complaint.  (Dkt. No. 34.)  Defendants answered the amended complaint on September 13, 2019.  (Dkt. No. 35.)

On Septmeber 16, 2019, the Court issued a Mandatory Pretrial Discovery and Scheduling Order ("Discovery Order") setting various deadlines.  (Dkt. No. 37.)  For example, the Discovery Order directed the parties to provide a litany of documents to one another within 60 days and to conduct other discovery.  *Id*. at 1-3.  The Discovery Order also warned Plaintiff that his failure to attend his deposition could result in sanctions, including dismissal of the action.  *Id*. at 5.

By Text Order entered March 13, 2020, the Court granted Defendants' request to extend the discovery and dispositive motion deadlines.  (Dkt. No. 40.)  By Text Order issued April 28, 2020, the Court granted Defendants' second request to extend the discovery and dispositive motion deadlines, and expressly reminded the parties, including *pro se* Plaintiff, of their obligations regarding discovery.  (Dkt. No. 42.)  By Text Order entered June 17, 2020, the Court again granted Defendants' request for extensions of the discovery and dispositive motion deadlines, and "advised that no further extensions will be granted absent good cause shown."

3

(Dkt. No. 44.)  The Court reset the discovery deadline to July 15, 2020, and the dispositive motion deadline to Septmeber 16, 2020.  *Id*.

On June 22, 2020, Defendants' counsel served Plaintiff by mail with notice that his deposition would take place on July 10, 2020, in Albany, New York.  (Dkt. No. 45-10 at ¶ 10.)  Plaintiff failed to appear for his scheduled deposition on July 10, 2010.  *Id*. at ¶ 11.  Plaintiff has also failed to serve mandatory discovery.  *Id*. at ¶ 13.

On July 21, 2020, Defendants filed the instant motion to dismiss for lack of prosecution.  (Dkt. No. 45.)  Briefly, Defendants argue dismissal is warranted based on Plaintiff's failure to participate in discovery and his overall absence from all matters relevant to this case.  (Dkt. No. 45-1.)

By Notice dated July 22, 2020, the Court advised Plaintiff that any response to the pending motion to dismiss was due on August 17, 2020.  (Dkt. No. 46.)  On August 25, 2020, the Court *sua sponte* granted Plaintiff an extension of time until September 11, 2020, to file a response to the pending motion to dismiss.  (Dkt. No. 48.)  Plaintiff was advised that "failure to file any response to the motion may result in the motion being granted since the court will not have the benefit of [his] response to consider in making its decision."  *Id*.

Plaintiff has not filed a response, nor communicated with the Court seeking an extension of time in which to do so.  *See* Dkt. Report.

## II.     FAILURE TO PROSECUTE

Rule 41(b) of the Federal Rules of Civil Procedure authorizes involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  Such a dismissal is "the harshest of sanctions," to be used against a *pro se* plaintiff's claim "only when the circumstances are sufficiently extreme."  *Baptiste v.*

4

*Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam) (citations omitted). A Rule 41(b) dismissal must also "be proceeded by particular procedural prerequisites," including notice. *Id*. (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). "A district court considering a Rule 41(b) dismissal must weigh five factors," no one of which is generally dispositive:

> (1) [t]he duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id*. at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

In considering the duration of Plaintiff's failure to prosecute his claims, the Court notes Local Rule 41.2(a) states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). This action was commenced in January 2018, yet discovery remains at a standstill. A review of this case's procedural history shows Plaintiff's inactivity began after he was released from DOCCS custody. Since the time of his release in November 2018, Plaintiff has not taken any action in this case, well in excess of the four-months that create a presumption of lack of prosecution under the Local Rule. The Court has granted numerous discovery extensions and directed and reminded Plaintiff to comply with discovery obligations. (Dkt. Nos. 40, 42, 44.) Plaintiff failed to appear for his scheduled deposition on July 10, 2010. (Dkt. No. 45-10 at ¶¶ 10, 11.) Plaintiff has also failed to serve the mandatory discovery as set forth in Section I.A.1. of the the Discovery Order. *Id*. at ¶ 13. In further support of Plaintiff's lack of interest in pursuing this case, Plaintiff failed to respond to the instant motion to dismiss despite the Court *sua sponte* granting Plaintiff an

5

extension of time to do so and there is no basis for believing that a renewal of communication is imminent.  (Dkt. No. 48; *see also* Dkt. Nos. 45-3, 45-4.)

Regarding the second factor, Plaintiff was advised of his duty to appear at his deposition by the Court in its Discovery Order.  (Dkt. No. 37 at 5.)  Plaintiff was on notice that his failure to appear at the deposition could result in dismissal of the action.  *Id*. ("The failure of the plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37.").  Plaintiff was also advised that failure to file any response to the pending motion to dismiss for failure to prosecute may result in the motion being granted since the Court will not have the benefit of Plaintiff's response to consider in making its decision.  (Dkt. No. 48.)  *See Nolan v. Primagency, Inc.*, No. 07 Civ. 134 (RJS), 2008 WL 1758644, at *3 (S.D.N.Y. Apr. 16, 2008) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met.") (citing *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999)).

Third, further delay would prejudice Defendants.  The discovery period in the case closed July 15, 2020, and Defendants have been unable to depose Plaintiff.  (Dkt. No. 44; Dkt. No. 45-10 at ¶¶ 10, 11.)  Defendants have been otherwise impeded in conducting discovery in the case.  (Dkt. No. 45-13 at ¶ 13.)  The events giving rise to Plaintiff's Eighth Amendment deliberate indifference claims allegedly occurred in 2017 and 2018.  (Dkt. Nos. 1, 16.)  Further delay may well affect the parties' ability to locate witnesses, and to preserve evidence.  *See Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (noting that passage of time would cause

6

memories to fade); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (prejudice to defendants resulting from unreasonable delay may be presumed).

As to the fourth factor, continued delay cannot vindicate Plaintiff's interest in receiving an opportunity to be heard unless he offers some indication that he intends to take up that opportunity. Yet Plaintiff has made no such indication. As discussed above, Plaintiff has failed to take meaningful action in this case since November 2018, and Plaintiff has failed to respond to the pending motion and, thus, has demonstrated little interest in being heard. Simply put, "there is no indication that [Plaintiff] wishes to continue with this action." *Phillips v. Proud*, No. 5:16-CV-1140 (LEK/ATB), 2018 WL 5620416, at *2 (N.D.N.Y. Oct. 30, 2018).

Lastly, "there is nothing in the record to suggest that a sanction less serious than dismissal will resolve [Plaintiff's] failure to cooperate." *Id.* (quoting *Singleton v. City of New York*, No. 14-CV-9355, 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015)); *see, e.g.*, *Phillips*, 2018 WL 5620416, at *2 ("A financial penalty may be even stronger medicine than dismissal for a *pro se* plaintiff proceeding *in forma pauperis*.").

In sum, after reviewing Defendants' motion and the entire Docket Report, the Court finds Plaintiff has failed to prosecute this matter. Even considering Plaintiff's *pro se* status, it is recommended that the dismissal of the action be with prejudice due to Plaintiff's apparent abandonment of this case as evidenced by his lack of communication and participation over the last twenty-four months, including his failure to appear for his deposition or respond to Defendants' pending motion to dismiss.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Defendant's motion to dismiss (Dkt. No. 45) pursuant to Rule 41(b) of the Federal Rules of Civil Procedure be **GRANTED**; and it is further

7

**ORDERED** that the Clerk provide to Plaintiff a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2008) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[1]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: November 2, 2020
       Syracuse, New York

*[signature]*
Therèse Wiley Dancks
United States Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

KeyCite Yellow Flag - Negative Treatment
Distinguished by Keitt v. Doe, W.D.N.Y., December 5, 2013

2008 WL 1758644
United States District Court,
S.D. New York.

John NOLAN, Plaintiff,
v.
PRIMAGENCY, INC. et al., Defendants.

No. 07 Civ. 134(RJS).
|
April 16, 2008.

*MEMORANDUM AND ORDER*

RICHARD J. SULLIVAN, District Judge.

**\*1** On January 31, 2008, this Court issued an Order to Show Cause (the "OSC") *sua sponte,* directing counsel for plaintiff John Nolan, Mr. Louis A. Piccone, Esq., and counsel for defendants Primagency, Inc., Steven Lebetkin, and Conrad J. Isoldi ("Defendants"), Mr. Neil R. Flaum, Esq., to show cause why this case should not be dismissed and/or why sanctions and a finding of civil contempt on Mr. Piccone and/or Mr. Flaum should not issue given the failure of plaintiff to diligently prosecute this case, and the failure of the parties to follow Court orders. After counsel for plaintiff failed to appear on the return date of the OSC, the Court issued an order on March 3, 2008 imposing sanctions on the parties, but declining to dismiss the case, provided that the parties complied with the directives contained in that order. *See Nolan v. Primagency, Inc.,* No. 07 Civ. 134(RJS), 2008 WL 650387 (S.D.N.Y. Mar. 3, 2008) (*"Nolan I"*). Plaintiff failed to comply with that order in each and every respect. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), this action is dismissed with prejudice.

I. BACKGROUND

The Court presumes the parties' familiarity with the facts relevant to this Order, which are recounted in detail in the OSC, as well as prior orders and transcripts in this matter, including *Nolan I*. However, certain facts post-date those orders and are recounted here.

The Court in *Nolan I* imposed civil contempt sanctions on Mr. Piccone and Mr. Flaum, in the amounts of $750.00 and $200.00, respectively. *See Nolan I* at \*1-4. *Nolan I* also included the following directives:

> Additionally, Mr. Piccone has until March 17, 2008, to comply with the Court's November 1, 2008 and January 3, 2008 orders. This means that by March 17, 2008, Mr. Piccone must (1) properly file the Amended Complaint via the Court's electronic case system ("ECF"); (2) submit a courtesy copy of the Amended Complaint to chambers in accordance with the Individual Practices of the undersigned; (3) confer with Defendants' counsel, Mr. Flaum, regarding a joint proposed Case Management Plan; (4) submit a proposed Plan to the Court by hand delivery, email, or regular mail, provided that it reaches chambers by March 17, 2008; and (5) submit a joint status letter, along with Mr. Flaum, outlining what, if anything, has transpired in this case since the November 1, 2007 conference. Mr. Piccone is also directed to forward a copy of this order to his client, plaintiff John Nolan and file proof of service electronically with the Court .... ***Failure to comply with this Order in any respect shall result in dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.***

*Nolan I,* 2008 WL 650387 at \*3 (emphasis added). With regard to Mr. Flaum, *Nolan I* contained the following directives:

> In addition, Mr. Flaum is given a limited amount of time in which to comply with past orders. This means that Mr. Flaum must (1) properly file an answer to the Amended

Complaint via the Court's ECF system by April 7, 2008, assuming, of course, that the Amended Complaint has been filed as of March 17, 2008; (2) submit a courtesy copy of the Answer to chambers in accordance with the Individual Practices of the undersigned; (3) confer with Plaintiff's counsel, Mr. Piccone, regarding a joint proposed Case Management Plan; (4) submit a proposed Plan to the Court by hand delivery, email, or regular mail, provided that it reaches chambers by March 17, 2008; and (5) submit a joint status letter, along with Mr. Piccone, no later than March 17, 2008, outlining what, if anything, has transpired in this case since the November 1, 2007 conference. If for some reason a joint letter is not possible, Mr. Flaum shall submit a status letter to the Court by March 17, 2008 explaining why the submission of a joint letter was not possible. Additionally, Mr. Flaum shall be present at the conference on Tuesday, April 8, 2008 at 10:30 a.m., and is also directed to forward a copy of this Order to his clients and file proof of service electronically with the Court. Failure to strictly comply with this order shall result in further sanctions.

**\*2** *Id.* at \*4. The Court in *Nolan I* stated three separate times that the case would be dismissed if plaintiff failed to comply with any of these directives. *Id.* at \*1-5.

Incredibly, as of April 8, 2008, as noted in the record on that day's conference, **the parties collectively had failed to comply with even one of the directives contained in *Nolan I*.** (*See* Apr. 8 Tr. at 3.) Mr. Piccone admitted on the record that he had not complied with any of the directives in *Nolan I,* and that his failure to comply with *Nolan I* was due to personal issues that the Court does not recount here but are referenced, at least in part, in the transcript of the April 8, 2008 telephone conference.[1] (*See id.* at 3-4.) Mr. Flaum noted that although he had also "missed the boat" (*id.* at 8), he sent in payment of the $200.00 sanction on April 7, 2008 and filed the status letter that day (*see id.*), 21 days after the deadline contained in *Nolan I*.[2] It is unclear whether Mr. Flaum ever forwarded a copy of *Nolan I* to his clients as directed, but it is certainly clear from the docket sheet in this case that Mr. Flaum failed to file the required proof of service. *See Nolan I,* 2008 WL 650387, at \*4.

[1] Mr. Piccone asserted on the record at the April 8, 2008 conference that he had in fact filed the amended complaint in November, 2007, and that he could submit proof demonstrating this fact. (*See* Transcript of April 8, 2008 Conference ("Apr. 8 Tr.") at 5-7.) While it may be true that Mr. Piccone did technically file a hard copy of the amended complaint in this matter, the amended complaint was never *properly* filed on ECF, because he never emailed the amended complaint to case_openings@nysd . uscourts.gov, pursuant to ECF procedure. As a result of his failure to do so, the amended complaint is not available on ECF. This is exactly what the Court sought to ameliorate when it ordered Mr. Piccone to "properly file" the amended complaint on ECF. *See Nolan I,* 2008 WL 650387, at \*3. In any event, regardless of the extent of Mr. Piccone's non-compliance with this portion of *Nolan I,* this dismissal is based on plaintiff's counsel's failure to follow numerous other directives, as outlined in this and prior orders.

[2] A letter from Mr. Flaum addressed to the Court and dated April 7, 2008 was received in Chambers on April 9, 2008, and contained a check payable to the Clerk of the Court in the amount of $200.00. That check was tendered to the cashier in the Clerk's office on April 9, 2008.

II. DISCUSSION

A. Legal Standard for Dismissal Pursuant to Rule 41(b)

Rule 41(b) expressly authorizes involuntarily dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed.R.Civ.P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001). The "primary rationale" for dismissal pursuant to Rule 41(b) is "the failure of plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982). Dismissal pursuant to Rule 41(b) is

committed to the discretion of the district court, and may be imposed *sua sponte*. See *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633 (1962); *LeSane,* 239 F.3d at 209. Rule 41(b) provides that such a dismissal "operates as an adjudication on the merits" unless the dismissal order states otherwise. See *Lyell Theatre,* 682 F.2d at 42-43.

Dismissal is an extreme and "harsh" remedy only to be imposed in the most "extreme" situations, and the Court must consider the entire record in deciding whether dismissal is appropriate. See *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996); *Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir.1993). However, in appropriate cases, dismissal must be available, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976). While dismissal based on the actions of a party's attorney may have serious consequences for the represented party, the Supreme Court has recognized that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Link,* 370 U.S. at 633.

**\*3** The Second Circuit has instructed that a district court weighing dismissal of a case pursuant to Rule 41(b) should employ a balancing test, considering the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiffs interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas,* 84 F.3d at 535 (2d Cir.1996); *see also United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004). Generally, no one factor is dispositive. *Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 194 (2d Cir.1999) (citing *Nita v. Conn. Dep't of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir.1994)).

### B. Analysis

Weighing all of the above factors, the Court dismisses this case with prejudice pursuant to Rule 41(b).

#### 1. Duration

The first element of the balancing test, the duration of plaintiffs failures, requires that the court consider "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." *Martens v. Thomann,* 273 F.3d 159, 180 (2d Cir.2001) (citing *Spencer v. Doe,* 139 F.3d 107, 113 (2d Cir.1998)); *see also United States* ex rel. *Drake,* 375 F.3d at 255. The court must also consider whether any of the delays are attributable to the defendant. See *Jackson v. City of New York,* 22 F.3d 71, 75 (2d Cir.1994).

Here, while the various failures to follow court orders can be attributed to both parties, plaintiff is primarily to blame for the fact that this case has not advanced in more than six months. See *Nolan I,* 2008 WL 650387, at \*5. This period of delay is particularly significant given that, during that time, the action did not merely lie dormant, but the parties ignored and disobeyed multiple court orders designed to move the case along. The six-month period at issue here thus is of sufficient duration to weigh in favor of dismissal. See *Lyell Theatre Corp.,* 682 F.2d at 42-43 (noting that Rule 41 dismissal may be warranted "after merely a matter of months").

#### 2. Notice

The second element to be considered is whether the plaintiff was on notice that further delay would result in dismissal of the case. See *Lucas,* 84 F.3d at 535 (2d Cir.1996). The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met. See *Shannon,* 186 F .3d at 194-95.

The notice element strongly weighs in favor of dismissal of this case. Plaintiff was given notice of the Court's intent to

Case 9:18-cv-00039-GLS-TWD   Document 49   Filed 11/02/20   Page 12 of 18
**Nolan v. Primagency, Inc., Not Reported in F.Supp.2d (2008)**
2008 WL 1758644, 70 Fed.R.Serv.3d 397

dismiss the action in *Nolan I,* which stated *three times* that the action would be dismissed in the event of the plaintiffs failure to comply with its directives. *See Nolan I,* 2008 WL 650387, at *1-5. In addition, the OSC gave both parties an opportunity to submit papers and to appear in Court to contest dismissal. Plaintiff failed to submit papers in response to the OSC, or to appear on the return date, and failed to follow even one of the directives in *Nolan I.* Furthermore, the parties had previously been warned that the Court would consider sanctioning the parties for failure to comply with Court orders. (*See* Jan. 2, 2008 Order.) Finally, plaintiff himself appeared at the January 30, 2008 conference before the Court, and was informed of the Court's intention to issue the OSC and consider dismissing the case absent further action. (*See* Jan. 30, 2008 Tr. at 3-5.) Thus, because it is abundantly clear that the Court gave plaintiff notice of the impending dismissal of the case, the second element weighs in favor of dismissal.

### 3. Prejudice

**\*4** The third element requires that the Court consider the prejudice of further delay to the defendant. *See Lucas,* 84 F.3d at 535 (2d Cir.1996). Where the delay is unreasonable, prejudice may be presumed as a matter of law. *Shannon,* 186 F.3d at 195 (citing *Lyell Theatre,* 682 F.2d at 43). This is generally because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Id.* However, "in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre,* 682 F.2d at 43. "Although a court cannot deny a plaintiff the right to be heard in the interest of avoiding docket congestion, where a plaintiff could have avoided dismissal 'there can be no claim by plaintiff that [its] due process rights have been denied.' " *Jacobs v. County of Westchester,* No. 99 Civ. 4976(WCC), 2008 WL 199469, at \*6 (S.D.N.Y. Jan. 22, 2008) (quoting *Europacific Asset Mgmt. Corp. v. Tradescape Corp.,* 233 F.R.D. 344, 354 (S.D.N.Y.2005) (alteration in original)).

Defendants' counsel is to blame for at least some of the delay in this matter. Because of this, and because only six months have passed, the Court will not presume prejudice. While it is demonstrably unreasonable to fail to comply with court orders for six months, the unreasonable delay present in other cases in which courts presumed prejudice is absent here. *See Shannon,* 186 F.3d at 195 (finding presumption of prejudice because events at issue in lawsuit had taken place over a decade earlier); *Peart v. City of New York,* 992 F.2d 458, 462 (2d Cir.1993) (citing potential for witness recollection to diminish or witness unavailability as the reason for a presumption of prejudice due to unreasonable delay); *Dodson,* 957 F.Supp. at 470 (S.D.N.Y.1997) (holding that dismissal was appropriate after a five-year delay because the court can presume that witnesses' "memories have faded" when eleven years have passed since the events giving rise to plaintiffs cause of action). Thus, the Court finds that the prejudice factor does not weigh in favor of dismissal.

### 4. Balancing the Court's and Plaintiff's Interests

With respect to the fourth element, the balancing of the court's interests and the plaintiff's right to a fair adjudication on the merits, the Second Circuit has instructed that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas,* 84 F.3d at 535-36. As such, the plaintiff's failure to prosecute must be "vexatious and burdensome" on the Court's ability to manage its docket, as opposed to being merely "silent and unobtrusive." *LeSane,* 239 F.3d at 210.

Plaintiff's right to an opportunity to be heard is not taken lightly by this Court. However, this action has been pending for over a year, and there has been no significant progress of any kind for six months. During that time, this Court has issued six separate orders relating to the parties' various failures, and held three conferences relating to the parties' inability to advance the case. While the Court has less knowledge of what transpired prior to this action being reassigned to the undersigned on September 4, 2007, the parties' ongoing failure to comply with orders of this Court has taken up a grossly disproportionate amount of the Court's time since October, 2007. Plaintiff's duty to prosecute the case diligently "is designed to achieve 'fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources....' " *Dodson,* 957 F.Supp. at 470 (quoting *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 668 (2d Cir.1980)). As such, the Court finds that plaintiff's failures have been "vexatious and burdensome" and accordingly, the fourth element weighs in favor of dismissal.

### 5. Efficacy of Lesser Sanctions

**\*5** Finally, the fifth element looks to whether the Court has adequately considered remedies other than dismissal. "It is clear that a district judge should employ the remedy of dismissal 'only when he is sure of the impotence of lesser sanctions.' " *Dodson,* 86 F.3d at 39 (citing *Chira,* 634 F.2d at 665). "In deciding on the suitability of lesser sanctions, and whether the sanctions should be aimed primarily against the party or the attorney, it can be important for the district court to assess the relative roles of attorney and client in causing the delay...." *Id.* at 40. "[T]he more the delay was occasioned by the lawyer's disregard of his obligation toward his client, the more this factor argues in favor of a less drastic sanction imposed directly on the lawyer." *Id.* However, this Court must be guided by the Supreme Court's pronouncement that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link,* 370 U.S. at 633-34.

Although it is without question that plaintiff's failures in this case are solely attributable to his counsel, Mr. Piccone, plaintiff himself was on notice of Mr. Piccone's shortcomings up to and including his failure to appear on January 30, 2008. Nevertheless, as of the April 8, 2008 telephone conference, Mr. Piccone was still the counsel of record in this matter. Plaintiff voluntarily chose Mr. Piccone to represent him in this action. Thus, while dismissal is an unfortunate result for plaintiff, it is not an unjust result. *See Link,* 370 U.S. at 633-34.

As to the consideration of lesser sanctions, this factor clearly weighs in favor of dismissal. As reflected in the record of this case, the Court has given plaintiff numerous opportunities to be heard in relation to his failure to follow court orders. Prior admonishments and warnings have been wholly ineffective. Indeed, the Court previously issued a civil contempt sanction against Mr. Piccone in the amount of $750.00 in order to induce his compliance with future orders. *See Nolan I,* 2008 WL 650387 at \*3. As of the date of this Order, that sanction has not been paid. Moreover, as noted above, counsel has not complied with *any* of the directives contained in *Nolan I.* As such, and based on the record in this case, the Court is convinced that lesser sanctions will have no impact on plaintiff's, or his counsel's, conduct or compliance with this court's orders.

As four of the five elements favor dismissal under Rule 41(b), the Court finds that dismissal is appropriate, and this case is accordingly dismissed with prejudice pursuant to Rule 41(b). While the Court is sympathetic to the personal issues encountered by plaintiffs counsel over the past few months, as alluded to by Mr. Piccone during the April 8, 2008 telephone conference, that fact does not alleviate Mr. Piccone's duties to the Court and his client. A simple letter to the Court explaining his plight could have resulted in the extension of deadlines, a short stay of the action, or other relief, including obtaining new counsel for plaintiff. Mr. Piccone has made no showing that he was unable to contact the Court during the time that he was preoccupied with personal matters. The Court recognizes that dismissal of this case with prejudice may have the result of denying plaintiff any relief that he might have obtained on his claims. However, plaintiff is responsible for his choice of counsel, and did not choose at any point, even after being advised of Mr. Piccone's failures, to replace him as counsel. *See Lastra v. Weil, Gotshal & Manges LLP,* No. 03 Civ. 8756(RJH)(RLE), 2005 WL 551996, at \*4 (S.D.N.Y. Mar. 8, 2005) ("Claims by a litigant that he should be excused from his attorney's actions because of alleged fraudulent conduct and disobeyance of the litigant's orders may give rise to a claim for malpractice, but does not constitute an extraordinary circumstance or excusable neglect.")

### III. CONCLUSION

**\*6** For the foregoing reasons, this action is DISMISSED with prejudice pursuant to Rule 41(b). The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 1758644, 70 Fed.R.Serv.3d 397

---

**End of Document**  © 2020 Thomson Reuters. No claim to original U.S. Government Works.

Case 9:18-cv-00039-GLS-TWD   Document 49   Filed 11/02/20   Page 14 of 18
Phillips v. Proud, Not Reported in Fed. Supp. (2018)
2018 WL 5620416

2018 WL 5620416
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Clifton PHILLIPS, Plaintiff,
v.
David PROUD, et al., Defendants.

5:16-CV-1140 (LEK/ATB)
|
Signed 10/30/2018

**Attorneys and Law Firms**

Clifton Phillips, Syracuse, NY, pro se.

Khalid Bashjawish, Ramona L. Rabeler, City of Syracuse Corporation Counsel, Syracuse, NY, Christopher J. Hummel, New York State Attorney General, Albany, NY, for Defendants.

**DECISION AND ORDER**

Lawrence E. Kahn, U.S. District Judge

**I. INTRODUCTION**

 *1  Plaintiff Clifton Phillips brought this pro se civil-rights action under 42 U.S.C. § 1983, alleging that defendant police officers, government officials, and governmental entities violated his Fourth, Fifth, and Sixth Amendment rights. Dkt. No. 1 ("Complaint"). Now before the Court is Defendants' motion to dismiss for failure to prosecute. Dkt. No. 54 ("Motion"); see also Dkt. Nos. 55 ("Balagh Affidavit"), 56 ("Memorandum"). Plaintiff has not responded to the Motion. For the reasons set forth below the Motion is granted and the Complaint is dismissed.

**II. BACKGROUND**

**A. Factual Background**
The Court assumes familiarity with the facts alleged by Plaintiff in his Complaint and summarized by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, in his preliminary review of the Complaint pursuant to 28 U.S.C. § 1915. Compl.; Dkt. No. 9 ("Report-Recommendation") at 3–7. In short, though, Plaintiff alleged that Defendants violated (1) his Fourth Amendment rights by engaging in an illegal search and seizure on July 21, 2015; (2) his Fifth Amendment rights by manufacturing false evidence against him; and (3) his Sixth Amendment rights by maliciously prosecuting him for crimes he did not commit.

**B. Procedural Background**
On July 12, 2017, the Court, via text order, advised Plaintiff that failure to notify the Court of a change of address or to otherwise comply with Court orders may result in the imposition of sanctions, including possible dismissal of his action. Dkt. No. 39. At a July 27, 2017 teleconference, the Court explained the litigation process to the Plaintiff and set a pretrial schedule. Dkt. No. 43. The cutoff for discovery was set for January 16, 2018. Dkt. No. 44. At an October 18, 2017 teleconference, at which Plaintiff appeared, defense counsel advised that discovery demands and a request for Plaintiff to authorize the release of his underlying state court criminal records had been served on Plaintiff, but that these documents demands had gone unanswered and would be re-served. Oct. 18, 2017 Docket Entry.

Plaintiff failed to attend the next teleconference on December 13, 2017. Dec. 13, 2017 Docket Entry. In a text order later that day, Plaintiff was again warned that failure to comply with his discovery obligations or the orders of the Court may result in the imposition of sanctions, including possible dismissal of his action. Dkt. No 47.

At the January 4, 2018 teleconference, at which Plaintiff appeared, defense counsel advised the Court that he had re-served the discovery demands on Plaintiff, but had not received a response. Jan. 4, 2018 Docket Entry. Plaintiff stated that he was having difficulty responding to discovery demands. Id. In a text order later that day, the Court directed Plaintiff to respond to the outstanding discovery demands, and again advised him that his failure to comply may result in dismissal. Dkt. No. 48.

As of the date of this Decision and Order, Plaintiff has failed to respond to Defendants' discovery demands or requests. Mot. at 8. Plaintiff has not communicated with the Court since January 4, 2018. Docket.

**III. LEGAL STANDARD**
 *2  Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Such a dismissal is "the harshest of sanctions," to be used against a pro se plaintiff's claim

Case 9:18-cv-00039-GLS-TWD Document 49 Filed 11/02/20 Page 15 of 18

Phillips v. Proud, Not Reported in Fed. Supp. (2018)
2018 WL 5620416

"only when the circumstances are sufficiently extreme." Baptiste v. Sommers, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam) (citations omitted). A Rule 41(b) dismissal must also "be proceeded by particular procedural prerequisites," including notice. Id. (quoting Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013) ). "A district court considering a Rule 41(b) dismissal must weigh five factors," no one of which is generally dispositive:

> (1) [T]he duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Id. at 216 (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) ).

Local Rule 41.2(a) states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." Courts have repeatedly dismissed cases because the plaintiff failed to prosecute for four months. See, e.g. Deptola v. Doe, No. 04-CV-1379, 2005 WL 2483341, at *2 (E.D.N.Y. Oct. 7, 2005); Wilson v. Oxford Health Plans (N.Y.), Inc., No. 01-CV-3417, 2002 WL 1770813, at *2–4 (S.D.N.Y. July 31, 2002); Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000).

### IV. DISCUSSION

In this case, the Baptiste factors weigh in favor of dismissal. First, by January 4, 2018, Plaintiff had been served discovery demands and had been directed by the Court to respond to them. Jan. 4, 2018 Docket Entry. But some nine months later, Plaintiff still has not done so, well in excess of the four-months that create a presumption of lack of prosecution under the Local Rules. There is no basis for believing that a renewal of communication is imminent. Second, the Court has repeatedly informed Plaintiff that his failure to notify the Court of a change of address or comply with orders of the Court may result in sanctions, including dismissal of his Complaint. Dkt. No. 39, 47–48. Third, further delay would prejudice Defendants. The discovery period in this case was scheduled to close by January 16, 2018, Dkt. No. 44, but discovery has been delayed due to Plaintiff's absence from the case. Fourth, continued delay cannot vindicate Plaintiff's interest in receiving an opportunity to be heard unless he offers some indication that he intends to take up that opportunity. Yet Plaintiff has made no such indication. Fifth, and finally, "there is nothing in the record to suggest that a sanction less serious than dismissal will resolve the plaintiff's failure to cooperate." Singleton v. City of New York, No. 14-CV-9355, 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015). A financial penalty may be even stronger medicine than dismissal for a pro se plaintiff proceeding in forma pauperis.

Simply put, "[t]here is no indication that [Plaintiff] wishes to continue with this action." Garcia v. Tal on 1st Inc., No. 14-CV-9042, 2016 WL 205442, at *2 (S.D.N.Y. Jan. 15, 2016). The "circumstances are sufficiently extreme" to warrant dismissal. Id. (quoting Lucas, 84 F.3d at 535); see also, e.g., Osborn v. Montgomery, No. 15-CV-9730, 2018 WL 2059842, at *1–2 (S.D.N.Y. May 1, 2018) (adopting magistrate judge's recommendation of dismissal after a pro se litigant's failure to update his address and communicate with the court or opposing counsel caused a five-month delay in proceedings).

**\*3** Accordingly, this case is dismissed.

The exact timing of the alleged malicious prosecution is unclear from the Complaint, but for the alleged July 21, 2015 wrongdoing underlying all other claims, the three-year statute of limitations has passed. N.Y. C.P.L.R. § 214(5). Accordingly, dismissal for all claims except for the malicious prosecution claim shall be with prejudice. While the Court has discretion to likewise dismiss the malicious prosecution claim with prejudice, the Court dismisses that claim without prejudice, in light of Plaintiff's pro se status.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 54) is **GRANTED**, and the Complaint is **DISMISSED with prejudice** as to all claims except for the malicious prosecution

**Phillips v. Proud, Not Reported in Fed. Supp. (2018)**
Case 9:18-cv-00039-GLS-TWD   Document 49   Filed 11/02/20   Page 16 of 18
2018 WL 5620416

claim, which is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2018 WL 5620416

---

**End of Document**  © 2020 Thomson Reuters. No claim to original U.S. Government Works.

Case 9:18-cv-00039-GLS-TWD   Document 49   Filed 11/02/20   Page 17 of 18

Singelton v. City of New York, Not Reported in Fed. Supp. (2015)
2015 WL 9581781

2015 WL 9581781
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Omar SINGELTON, Plaintiff,
v.
The CITY OF NEW YORK, New York Police Department, and Detective David Bonacarti (Shield #5696), Defendants.

14cv9355 (DLC)
|
Signed 12/30/2015

**Attorneys and Law Firms**

Conway Clarence Martindale, II, The Legal Aid Society, Bronx, NY, for Plaintiff.

Ariel Shaun Lichterman, New York City Law Department, New York, NY, for Defendants.

MEMORANDUM OPINION AND ORDER

DENISE COTE, District Judge:

**\*1** On December 10, 2015, [1] the defendants filed a motion to dismiss for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P. The plaintiff's opposition to the motion was due on December 22. The plaintiff has not filed an opposition and has not requested an extension. For the reasons that follow, the defendants' motion to dismiss is granted.

[1] Because of a technical issue with filing the motion on ECF, it was re-filed on December 17, 2015.

The complaint in this case was filed on November 24, 2014. The case became part of the Section 1983 Plan under Local Rule 83.10. Mediation was unsuccessful, and an initial conference was scheduled for October 16, 2015. Plaintiff's counsel did not appear at that conference and the conference was therefore rescheduled for October 19. Plaintiff's counsel did appear on October 19, but he did not bring his file with him and he was not prepared to discuss the case. At the initial conference, the Court allowed counsel to take two depositions in November, including a deposition of the plaintiff. On October 19, the Court issued an order requiring the parties to submit summary judgment motions on December 11, 2015, following the completion of discovery.

The defendants' Rule 41(b) motion recites the failure of plaintiff's counsel to communicate with defendants regarding discovery. For example, on November 6, the defendants wrote to the plaintiff's counsel and included a notice of deposition, interrogatories, and document requests, as well as a stipulation of voluntary dismissal for the plaintiff's claims that are not legally viable. The defendants received no response, and so they wrote to plaintiff's counsel again on November 19. The plaintiff's counsel responded to the email and said that he would respond more fully by the following day. On November 24, the defendants still had not received a response from the plaintiff and they wrote another email to demand a date for the plaintiff's deposition and responses to their discovery requests. On November 30, plaintiff's counsel left a voice mail saying that he would provide deposition dates by December 1. The defendants did not receive a response and contacted the plaintiff's counsel by telephone on December 1 and December 10. In support of these allegations, the defendants submitted four exhibits documenting their written correspondence and the plaintiff's only written reply.

Rule 41(b), Fed. R. Civ. P. provides that: "If the plaintiff fails to prosecute or to comply with [the Federal] rules or a court order, a defendant may move to dismiss the action or any claim against it." There are five factors to weigh when deciding a Rule 41(b) motion:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

**\*2** Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted). "No single factor is generally dispositive." Id. (citation omitted). Dismissal must "be proceeded by

Case 9:18-cv-00039-GLS-TWD   Document 49   Filed 11/02/20   Page 18 of 18

**Singelton v. City of New York, Not Reported in Fed. Supp. (2015)**
2015 WL 9581781

particular procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." Id. at 217 (citation omitted). "[T]he sanction of dismissal with prejudice ... should be used only in extreme situations." Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013) (citation omitted). Dismissal under Rule 41(b) must be premised "upon a finding of willfulness, bad faith, or reasonably serious fault." Id. (citation omitted).

Dismissal here is warranted. The plaintiff has not meaningfully communicated with the defendants for over two months. Similarly, the plaintiff's last filing with this Court was on October 20, when he wrote to the Court to update his address and employment information. The plaintiff has failed to comply with the Court's orders scheduling depositions, summary judgment practice, and a briefing schedule for this Rule 41(b) motion. Moreover, the plaintiff has counsel who was on notice that the action might be dismissed if he did not comply with the Court's scheduling orders. Specifically, the December 11 Order required the plaintiff to respond to each instance of failed communication alleged by the defense. That requirement put the plaintiff on notice that his conduct was sanctionable, and the defendants' Rule 41(b) motion put the plaintiff on notice about the legal standards that would be used to determine whether dismissal with prejudice is the appropriate sanction. The plaintiff was provided a fair opportunity to be heard on the Rule 41(b) motion and has declined to use that opportunity to argue why the case should not be dismissed. He has not requested an extension or otherwise communicated with the Court about the motion or any other matter related to this case. The case has been pending on the Court's docket for over a year, and the defendants have been prejudiced by the plaintiff's unwillingness to participate in discovery and communicate meaningfully. Further delay will prejudice the defendants because they will have to expend time and resources on a case where the plaintiff has refused to participate. Finally, there is nothing in the record to suggest that a sanction less serious than dismissal will resolve the plaintiff's failure to cooperate. The plaintiff has made no serious effort to participate in the case, and assessing a financial penalty against the plaintiff would not alleviate the docket management concerns generated by the plaintiff's behavior in this case.

## Conclusion

The defendants' December 10, 2015 motion to dismiss under Rule 41(b), Fed. R. Civ. P. is granted. The Clerk of Court shall enter judgment for the defendants and close the case.

**All Citations**

Not Reported in Fed. Supp., 2015 WL 9581781

**End of Document**         © 2020 Thomson Reuters. No claim to original U.S. Government Works.